# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

LESLIE HELLER, MARQUIS GRIFFIN,
and LAKISHA MITCHELL,

    Plaintiffs,

v.                                        CASE NO.  8:17-cv-1715-T-02TGW

LOGAN ACQUISITIONS
CORPORATION, d/b/a Lido Beach
Resort f/k/a Lido Beach LLC,

    Defendants.
_____/

## **O R D E R**

Before the Court are Plaintiffs' Objections to Magistrate Judge's Discovery Order of August 24, 2018 (Dkt. 60), Plaintiffs' Objections to Magistrate Judge's October 17, 2018 Discovery Order (Dkt. 76), Defendant's Objections (Dkt. 81), and one other matter concerning reopening expert discovery. The parties informed the Court that a ruling on the written objections and responses would suffice. After careful consideration of the objections and the entire file, the Court concludes that the objections should be overruled.

**Background**

All three Plaintiffs are African-Americans who worked for Lido Beach Resort. Leslie Heller was the Human Resources Director at Defendant Lido Beach Resort from June 2015 to January 2017 when she was terminated. Marques Griffin served as a houseman from April 2016 to his termination in October 2016. Lakisha Mitchell was a front desk employee from November 2015, and after a demotion, she resigned in February 2017.

Defendant transferred John Haviaras on August 1, 2016, from its beach resort in the Florida Keys to Lido Beach Resort. He was the general manager. Soon after he took over, in September 2016, he presented a list of eight employees to Heller. She was asked to check the employment applications to confirm the applicants had not lied about their criminal records. All eight had criminal records, were African-American, and had not been terminated at the time, but all had disclosed their criminal records. (Dkt. 74 at 13).

Plaintiffs seek statistical evidence to show that Haviaras discriminated on the basis of race by terminating and failing to hire African-Americans. (Dkt. 74 at 9). The motions to compel at issue were filed in July 2018, long after the deadline of January 2018 for disclosing experts.

## Standard of Review

When a party timely objects to a magistrate's discovery order, the district court must consider the objections "and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(A). The clear error standard is highly deferential. *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005). A finding of fact is clearly erroneous if there is evidence in the record to support the fact but "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948). A conclusion is contrary to law if it fails to apply or misapplies the relevant statutes, case law, or rules of procedure. *800 Adept, Inc. v. Murex Sec., Ltd.*, No. 6:02-cv-1354-Orl-19DAB, 2007 WL 2826247, at *1 (M.D. Fla. Sept. 25, 2007) (citation omitted). A magistrate judge is afforded "broad discretion" in issuing pretrial orders related to discovery and the objecting party must show the magistrate judge was "clearly wrong." *United States ex. rel. Ragghianti Founds. III, LLC v. Peter R. Brown Constr.*, No. 8:12-cv-942-T-33MAP, 2013 WL 5290108, at *5 (M.D. Fla. Sept. 19, 2013).

# Order on Responses
## to Plaintiffs' Second Set of Written Discovery
(entered August 24, 2018)[1]

Plaintiffs' objections to the August 24, 2018 discovery order is found at docket 60. Typically discovery in discrimination and retaliation cases is limited to the plaintiff's employing or work unit, supervisor or decision-maker, and job classification. *See*, *e.g.*, *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1084 (11th Cir. 1990).[2] Plaintiffs argue that the magistrate judge committed reversible error in failing to compel information and records to develop comparator evidence and anecdotal evidence of similar treatment of African-Americans to prove discriminatory intent.

Plaintiffs requested all documents reflecting any discipline or adverse action of any current or former employee "for not performing job to standard, insubordination, failure to follow instructions, or violation of polic[ies]" for three

---

[1] The two orders on review were entered out of time because of a docketing issue. The motions were not called for hearing at the same time. The first motion was called for hearing after the second.

[2] *See also Juback v. Michaels Stores, Inc.*, No. 8:14-cv-913-T-27EAJ, 2015 WL 12856083 (M.D. Fla. Feb. 2, 2015) ( ); *Wells v. XPEDX*, No. 8:05-cv-2193-T-EAJ, 2007 WL 1200955, at *6 (M.D. Fla. Apr. 23, 2007) (holding that discovery beyond local employing unit was overbroad and required showing of particularized need and likely relevancy, neither of which were shown); *Knopfel v. Tech Data Corp.*, 225 F.R.D. 263, 265 (M.D. Fla. 2004) (permitting discovery of pay and promotions of other female employees "by the same managers or individuals" within plaintiff's same job classification of instructor).

years. (Dkt. 47-1 at 4 – request 1). Defendants objected that the request was overbroad, unduly burdensome, and not proportionate to the case. The magistrate judge was acting well within his broad discretion in finding this request overly broad. The request necessarily encompasses every single discipline or adverse action to any employee, which would require a search of every personnel file.

With respect to Mitchell, who was disciplined and transferred to another position for making a financial mistake, Plaintiffs contend that the records of any employees who mishandled financial transactions, regardless of their position, should be compelled. (Dkt. 47-1 at 4 – request 2). Also with respect to Mitchell, Plaintiffs argue that the identity and race of any employee who was transferred or reassigned is needed to collect comparator information. (Dkt. 47-1 at 5 – request 12). Plaintiffs complain that the time period should cover the entire three years as opposed to the period during which Haviaras was the general manager. The magistrate judge further limited production to front desk employees, the particular position held by Mitchell. The Court finds no clear error. The request for records of all employees in any position who mishandled financial transactions and who were transferred or reassigned would encompass far too many employees, including those who did not receive the same training as Mitchell.

Plaintiffs sought, with respect to Mitchell and Griffin's failure to clock out for meal breaks, all records of any employee who had failed to clock out for a meal and was disciplined. (Dkt. 47-1 at 4 – request 5). Plaintiffs contend that this infraction spans many more positions than just front desk and houseman. According to Defendant, the records for a concierge, Susan Ryan, were produced. The magistrate judge did not commit error in finding the request overly broad and properly limited it to discovery of employees who worked at the front desk or as a houseman for the time period after Haviaras was hired.

Plaintiffs argue that limiting production of records to the time period Griffin was employed and to only the housemen who had radios and were disciplined or who failed to take out the trash and were disciplined, permits Defendant to avoid providing information on comparators. (Dkt. 47-1 at 4 – requests 6 and 7). Plaintiffs claim there is deposition testimony that other Hispanic housemen failed to answer their radios and failed to take out the trash, but were never disciplined, but yet no records were produced about any other employees. Defendant produced "any such records for any houseman, regardless of whether they had radios." (Dkt. 81 at 14). The Court overrules any objection to the request as modified by the magistrate judge.

Plaintiffs sought all employment applications in which applicants revealed whether they were convicted of crimes and all documents reflecting the identity and race of such employees. (Dkt 4 at 4, 5 – requests 9 and 13). This information would be compared to the list Haviaras gave to Heller. Plaintiffs want to discover whether there were employees who had criminal records other than the ones provided on the list to show whether Haviaras singled out African-Americans to fire. The magistrate judge limited the time period to ten or so months before and just after Haviaras tendered the list. Defendants assert they have produced those records. (Dkt. 81 at 15). The magistrate's ruling is within his discretion. Causing Defendant to search through personnel records for an additional two years would be onerous and constitute no more than a fishing expedition.

Plaintiffs complain that records of pay rate and bonuses for other housemen, front desk employees, or human resource directors is relevant to evidence of adverse treatment of African-American employees compared to other employees and is evidence of discriminatory intent. (Dkt. 47-1 at 5 – requests 17-21). Plaintiffs' objections are overruled because this case does not involve discrimination based on pay.

# Order on Responses
## to Plaintiffs' First Set of Written Discovery
### (entered October 17, 2018)

Plaintiffs' objections to the magistrate judge's October 17, 2018 discovery order are found at docket 76. Plaintiffs request all records reflecting all employees' names, addresses, telephone numbers, race, and dates of employment from August 2016 to present. (Dkts. 46 at 10; 46-1 at 4 – request 1; 74 at 5). Plaintiffs make this same request for all employees terminated from August 2016 to present. (Dkts. 46 at 15-16; 46-1 at 4 – request 2).

Defendant objected that the request was overly broad, unduly burdensome, and not proportional in view of the needs of the case. According to Defendant, there are over 200 personnel files for the relevant time period, and Defendant terminated over 60 employees since August 2016. (Dkt. 74 at 7, 10). Defendant produced the list of eight employees that Haviaras had given to Heller in September 2016.

Plaintiffs sought all personnel records for former employees terminated from August 2016 to present, and Defendant objected, among other grounds, that production would be unduly burdensome. (Dkt. 46-1 at 4, – request 3). Defendant objected on the basis that the entire personnel file is irrelevant as to these 60

terminated employees. (Dkt. 74 at 13).[3] The magistrate judge was within his discretion and Plaintiffs' objections are overruled because these individuals, like Heller and Griffin, were terminated, and did not receive different treatment from Plaintiffs. Neither is there an assertion that Haviaras was involved in every single decision to discipline or terminate an employee at Lido Beach Resort, and therefore all employees' records are not relevant.

Plaintiffs sought all personnel records for any decision-makers who terminated employees for the same time period. (Dkt. 46-1 at 4 – request 4). The magistrate judge found the request overly broad because it seeks records of all decision makers, as opposed to the decision maker with respect to the Plaintiffs. Plaintiffs' request is overbroad and therefore the objections are overruled.

The request for records reflecting the identity of individuals assigned or hired to replace individuals terminated from August 2016 to present is overbroad. (Dkt. 46-1 at 4 – request 8). The magistrate judge gave Plaintiffs the opportunity to narrow their request, but Plaintiffs declined to do so. This is not clear error.

---

[3] It should be noted that Plaintiffs asked in their interrogatories for the reason every former employee was terminated and the employee's identity and race, and the identity of any employee or former employee who complained about race discrimination for the last three years. (Dkt. 46 at 21-22).

With respect to the Employer Information Reports sought from 2015 to present, Defendant produced the same reports that were submitted to the EEOC. Again, the magistrate judge committed no error but was within his wide discretion in making the ruling pertaining to this issue.

### Plaintiffs' Statistical Evidence Issues

The district court entered an order on July 23, 2018, staying Plaintiffs' response time to the pending motion for summary judgment until the discovery disputes were resolved. (Dkt. 49). In that order, the Court deferred ruling on "that portion of the Plaintiffs' Motion requesting the Court reopen expert discovery, pending the Magistrate Judge's ruling." Thereafter, the parties stipulated to the following: "The Court's ruling on Plaintiffs' first motion to compel at docket 46 will determine whether Plaintiffs can obtain the data requested to have an expert statistician preform a statistical analysis on the data, and that will determine whether Plaintiffs can use any such statistical analysis in response to Defendants' dispositive motion (Docket 42), as well as whether Defendant will designate a rebuttal expert and/or request permission to file a reply addressing any such statistical evidence." (Dkt. 61, Stipulation as to Amended Deadlines).

Any relevant statistical evidence must necessarily be limited to employees who had the same managers and decision-makers. *See Diehl v. Bank of Am. Corp.*,

No. 3:09-cv-1220-J-25MCR, 2010 WL 3340565, at *2 (M.D. Fla. Aug. 23, 2010) ("[S]tatistical evidence about employees who had different decision makers is not relevant and will not lead to the discovery of admissible evidence."). Only disciplinary action or termination at the hands of Haviaras is relevant. The Court finds that Plaintiffs have not shown good cause to reopen expert discovery.

It is therefore **ORDERED AND ADJUDGED**:

1) Plaintiffs' Objections to Magistrate Judge's Discovery Order of August 24, 2018 (Dkt. 60) are overruled.

2) Plaintiffs' Objections to Magistrate Judge's October 17, 2018 Discovery Order (Dkt. 76) are overruled.

3) Judge Wilson's Orders (Dkts. 58, 71) are affirmed.

4) Expert discovery will not be reopened.

**DONE AND ORDERED** at Tampa, Florida, on November 21, 2018.

s/*William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

COPIES FURNISHED TO:
Counsel of Record